UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| AZRIEL C. FELLNER, in his capacity as the Personal Representative of the Estate of Tamar Etana Fellner, Deceased )))) | |
| Plaintiff, ) | |
| v. ) | Cause No. 3:05-cv-218-SEB-WGH |
| ) | |
| PHILADELPHIA TOBOGGAN COASTERS, INC., a Pennsylvania Corporation, and KOCH DEVELOPMENT CORPORATION, an Indiana Corporation, ))))) | |
| Defendants. ) | |

**ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANT KOCH'S MOTION TO DISMISS**

**Introduction**

This matter is before the Court on the defendant's, Koch Development Corporation ("Koch"), Motion to Dismiss, filed December 9, 2005, pursuant to Rule 12(b)(6), F.R.Civ.P. (Dkt. 6). Plaintiff filed a Response on January 11, 2006, (Dkt. 20); Koch filed a Reply on January 23, 2006, (Dkt. 24).[1,2]

---

[1] On February 10, 2006, Plaintiff filed a Motion to Strike Reply. (Dkt. 26). Shortly thereafter, Plaintiff filed a Notice of Withdrawal of Argument on February 16, 2006. (Dkt. 29). Plaintiff's Motion to Strike Reply is, therefore, DENIED AS MOOT.

[2] On March 23, 2006, Defendant PTC filed a separate motion to dismiss the claims against it for design and construction failures related to the roller coaster and its train cars. We do not address it in this ruling.

## Background

On May 31, 2003, Tamara Etana Fellner, a citizen of New York at the time, was killed when she was ejected from a wooden roller coaster train, called The Raven, which was operated as an attraction at Holiday World, an amusement park located in Santa Claus, Indiana. (Compl. ¶¶ 3, 6-7, 11-12, 14). Koch owns and operates both Holiday World and the Raven roller coaster (and PTC developed and manufactured the cars). (*Id.* ¶¶ 11-12).

Plaintiff, the personal representative of Fellner's estate, brought suit essentially on two theories – against PTC for the design and manufacture of the cars, and against Koch for the operation of the roller coasters. Plaintiff seeks to hold Koch liable for negligence, strict liability, and breach of implied warranties, for which he seeks both compensatory and punitive damages. (Compl. ¶¶ 15-56). Plaintiff asserts that Koch: 1) failed to ensure that Fellner was safely and properly secured by the restraints in The Raven; 2) failed to properly hire, train, and supervise the ride attendants who operated The Raven; 3) failed to properly test, inspect, and maintain the restraints on The Raven; 4) failed to provide proper and adequate warnings concerning The Raven; 5) failed to comply with local, state, and federal regulations, ordinances, rules, and statutes applicable to amusement park rides, such as The Raven; and 6) breached implied warranties that The Raven was reasonably fit for its intended purpose. (Id. ¶¶ 23, 35, 46-47).

Defendant Koch has filed a Motion to Dismiss directed towards Count IV, alleging strict liability against Koch, and Count VI, alleging breach of implied warranties against Koch. Plaintiff's requests for punitive damages and attorney's fees must also be dismissed, according to Koch. The Court agrees in part, concluding that Counts IV and VI and

Plaintiff's request for punitive damages must be DISMISSED.  In all other aspects, the Motion to Dismiss is DENIED.

## Discussion

This lawsuit is framed as a diversity action and was originally filed in the Eastern District of Pennsylvania, seeking recovery for wrongful death and survival.  The case was transferred to this district upon the motion of Koch and a finding by the court in Pennsylvania that the convenience of witnesses warranted a change of venue, pursuant to 28 U.S.C. §1404(a).  Defendant Koch raised two additional substantive grounds in its motion to dismiss, rulings on which were stayed to allow consideration and resolution by this court following the transfer of the cause of action.  Koch has now renewed his motion to dismiss plaintiff's claims for attorneys fees and the payment of costs of this suit, for punitive damages and for strict liability and breach of warranty.

Koch argues that dismissal is required because it is not a manufacturer, seller or distributor of the roller coaster or the coaster train cars at issue and thus cannot be held liable under strict liability or breach of implied warranty theories under Indiana law, citing the decision in Marsh v. Dixon, 707 N.E.2d 998, 1002, 199 Ind.App.LEXIS 372, **13 (1999) which holds that an amusement park is not subject to suit for strict liability since it provides a service rather than a product, that is, the sale of tickets to ride on its attractions.  Further, under Indiana law, punitive damages are not recoverable in a wrongful death or survival action, citing Forte v. Connerwood Healthcare, Inc., 745 N.E.2d 796, 798, 799, 2001 Ind. LEXIS 303, ___ (Apr. 18, 2001) (other citations omitted) and plaintiff's claim for such damages should therefore be dismissed.

Plaintiff's response raises, as a preliminary matter, the choice of law issue, requesting that we determine, prior to ruling on Koch's motion to dismiss, whether Pennsylvania or Indiana substantive law applies, a matter over which the parties are (also) in disagreement. We shall accommodate that request by addressing the choice of law issues and then Koch's motion to dismiss.

### A. CHOICE OF LAW

The parties advise that they agree and stipulate that the Pennsylvania Choice of Law Rules apply to this court's choice of law analysis. We accept the parties' stipulation, finding that it comports with controlling Seventh Circuit precedent as well that provides that "the choice of law is dependent on the nature of the transfer." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 222 (7th Cir. 1986). If an action is transferred under [28 U.S.C.] § 1404(a), the state law of the transferor court should be applied. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990); *Jaurequi v. John Deere Co.*, 986 F.2d 170, 172 (7th Cir. 1993). We, therefore, apply the choice-of-law rules of Pennsylvania here.

Pennsylvania has abandoned the old rule of *lex loci delicti. Griffith v. United Air Lines*, Inc., 203 A.2d 796 (Pa. 1964). In its place, Pennsylvania applies a more flexible analysis combining a "government interest analysis" with the "significant relationship analysis" from Section 145 of the Restatement (Second) of Conflicts. *Normann v. Johns-Manville Corp.*, 593 A.2d 890, 893 (Pa. Super. Ct. 1991). Hence, as explained by the Pennsylvania Superior Court:

> In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the policies and interests underlying the particular issue before the court. When doing this it must be

> remembered that a mere counting of the contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale.

*Troxel v. A.I. duPont Inst.*, 636 A.2d 1179, 1181 (Pa. Super. Ct. 1994)(internal citations and quotations omitted).

In the case at bar, the underlying legal issue raised by Plaintiff's complaint is whether Koch is liable for failing: to properly secure Ms. Fellner in her seat prior to the ride, to properly inspect the roller coaster, to properly train its employees, to properly warn riders, and to comply with local, state, and federal laws concerning amusement parks. The only connection Pennsylvania has with these issues is the fact that the roller coaster car in which Plaintiff's decedent was riding was manufactured by Defendant, Philadelphia Toboggan Coasters, a Pennsylvania corporation. That fact provides only the most attenuated connection with the "policies and interests underlying the particular issue before the court," namely, Koch's liability as the owner/operator of the roller coaster located in Indiana and patronized here by Plaintiff's decedent. Indiana has numerous qualitative connections with this litigation, including: 1) that the accident occurred in Indiana; 2) that Koch is an Indiana corporation; 3) that any allegedly improper training of Koch's employees occurred in Indiana; 4) that any allegedly improper inspections of The Raven occurred in Indiana; 5) that any alleged failure to properly secure Fellner occurred in Indiana; and 6) that any alleged breach of implied warranties occurred in Indiana. These connections clearly and directly relate to the "policies and interests underlying the particular issue before the court." Indiana has the superior interest in ensuring that inspections of recreational facilities offered to the public within its borders are performed properly, that training is adequate, and warnings are

-5-

in compliance with the law as well as warranties adhered to. Indiana also has a substantial interest in providing the protections of state law that are available to operators of amusement parks within its borders. Indiana, therefore, has the "priority of interest in the application of its rules of law," with respect to plaintiff's claims against Koch. *Normann*, 593 A.2d at 893. Because of Indiana's priority of interest, we shall apply Indiana substantive law in evaluating the legal viability of Plaintiff's claims against Koch.

### B. STRICT LIABILITY AND BREACH OF IMPLIED WARRANTIES

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom. *See Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir. 1994). A dismissal is only appropriate if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of its complaint that would entitle it to relief. *See Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied,* 516 U.S. 1159 (1996). Moreover, the court must only examine the complaint, and not the merits of the lawsuit. *See Autry v. Northwest Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

Koch contends that Plaintiff's claims alleging strict liability and breach of implied warranties must be dismissed. Plaintiff has alleged that The Raven was a defective product

and that Koch is strictly liable for Fellner's death. (Compl. ¶¶ 33-38). These issues arise under the Indiana Products Liability Act which provides in applicable part that:

> A product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition unreasonably dangerous to the user or consumer unless the seller is a manufacturer of the product or of the part of the product alleged to be defective.

IND. CODE § 34-20-2-3. The Indiana Court of Appeals has ruled that an amusement park which sells tickets to individual purchasers is not the "seller" of a product for purposes of the Indiana Products Liability Act. *Marsh v. Dixon*, 707 N.E.2d 998, 1001-02 (Ind. Ct. App. 1999). Thus, Plaintiff may not maintain an action for strict liability against Koch, and the dismissal of Count IV of the Complaint is required.

Plaintiff also alleges in the Complaint that Koch "impliedly warranted that the Raven was reasonably fit for its purpose." (Compl. ¶ 46). However, under Indiana law, the theories of strict liability and breach of implied warranties have been merged. In *Condon v. Carl J. Reinke & Sons, Inc.*, the Indiana Court of Appeals made clear that "the theory of implied warranty in products liability actions has been superseded by the theory of strict liability." 575 N.E.2d 17, 18 (Ind. Ct. App. 1991). Accordingly, Count VI of Plaintiff's Complaint alleging breach of implied warranties must also be dismissed.

### C. PUNITIVE DAMAGES AND ATTORNEY'S FEES

Koch's motion to dismiss also asserts that Plaintiff is not entitled to punitive damages or attorney's fees. Under Indiana common law, a cause of action was extinguished by the death of the plaintiff. *Durham v. U-Haul Int'l*, 745 N.E.2d 755, (Ind. 2001). This view,

however, was replaced by the Indiana Wrongful Death Statute. IND. CODE § 34-23-1-1 *et seq*. "[T]he wrongful death statute was passed in 1852 and has since provided the *sole remedy* for the estate and beneficiaries of a deceased plaintiff whose death was caused by the act or omission of the defendant." *Durham*, 745 N.E.2d at 764(emphasis added). Section 34-23-1-2 clearly states that punitive damages are not recoverable, an exclusion also acknowledge by the Indiana Supreme Court. *Id*. Because punitive damages are not recoverable, Koch's motion seeking dismissal of such a remedy must also be GRANTED.

Koch fails to provide a persuasive legal basis for excluding an award of attorney's fees on the remaining theories of liability. IND. CODE § 34-23-1-1 provides:

> If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of . . . the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate *and prosecuting or compromising the action, including a reasonable attorney's fee* . . . .

IND. CODE §34-23-1-1(emphasis added). This provision clearly permits as an element of damages recoverable by Plaintiff the reasonable costs and expenses of prosecuting a wrongful death action, which damages can include attorney's fees. Hence, Koch's request for dismissal of Plaintiff's claim for attorney's fees is DENIED.

## Conclusion

For the reasons outlined above, Koch's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART.** Counts IV and VI of Plaintiff's Complaint are **DISMISSED**. The

claim for an award of punitive damages against Koch is also **DISMISSED**.  Plaintiff's motion to dismiss the claim for attorney's fees is **DENIED**.  Plaintiff's Motion to Strike Reply (Dkt. 26) is **DENIED AS MOOT**.  **IT IS SO ORDERED.**

Date:   08/02/2006

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Electronic copies to:**

Allyson Rebecca Breeden
Ziemer Stayman Weitzel & Shoulders
abreeden@zsws.com

Heather M. Eichenbaum
SPECTOR GADON & ROSEN PC
heichenbaum@lawsgr.com

Richard O. Hawley Jr.
KIGHTLINGER & GRAY LLP
rhawley@k-glaw.com

Carol Ann Murphy
MARGOLIS EDELSTEIN & SCHERLIS
The Curtis Center
Suite 400
Philadelphia, PA 19106

Robert A. Nicholas
REED SMITH LLP
rnicholas@reedsmith.com

Krista Ayn Schmid
REED SMITH LLP

2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas Michael Sheehan
SHEEHAN & LOWER PC
ridelaw@aol.com

Patrick A. Shoulders
Ziemer Stayman Weitzel & Shoulders
pshoulders@zsws.com

Stephen John Tasch
SHEEHAN & LOWER PC
ridelaw@aol.com

Keith W. Vonderahe
Ziemer Stayman Weitzel & Shoulders
kvonderahe@zsws.com

Tracy G. Weiss
REED SMITH LLP
tweiss@reedsmith.com

Matthew J. Zamites
MARGOLIS EDELSTEIN & SCHERLIS
Independence Square West
4th Floor, The Curtis Center
Philadelphia, PA 19106-3304